595 A.2d 627

**William H. KELLEY and Patricia J. Kelley**

v.

**WOLFF PETROLEUM, INC.**

v.

**Charles GAYSON.**

**Appeal of William H. KELLEY, Patricia J. Kelley, Parties Plaintiff and Fireman's Fund Insurance Company.**

Superior Court of Pennsylvania.

Submitted May 23, 1991.

Filed Aug. 20, 1991.

---

Laurence M. Kelly, Montrose, for appellants.

Paul A. Barrett, Scranton, for appellee Gayson.

Before WIEAND, BECK and HUDOCK, JJ.

WIEAND, Judge:

This appeal is from an order which denied a petition by a workmen's compensation carrier seeking intervention by the carrier in the plaintiff-employee's third party tort action. After careful review, we conclude that the trial court's

order in this case was interlocutory and that an appeal, therefore, will not lie.

As a general rule, an appeal will not lie from an order denying intervention, because such an order is not a final determination of the claim made by the would-be intervenor. However, in some cases, the order denying intervention has the practical effect of denying relief to which the intervenor is entitled and which he can obtain in no other way. Such an order will be deemed final, and an appeal therefrom will be allowed. See: *Van Den Heuval v. Wallace*, 382 Pa.Super. 242, 555 A.2d 162 (1989); *Maginley v. Robert J. Elliott, Inc.*, 345 Pa.Super. 582, 498 A.2d 977 (1985); *Boise Cascade Corp. v. East Stroudsburg Savings Association*, 300 Pa.Super. 279, 446 A.2d 614 (1982). In order to determine the appealability of an order denying intervention, therefore, one must examine the ramifications of the order to determine whether it constitutes a practical denial of relief to which the petitioner for intervention is entitled and which he can obtain in no other way.

In the past, the Superior Court has accepted appeals from workmen's compensation carriers who were denied the right to intervene in third party actions by employees who had been paid workmen's compensation benefits. Orders denying intervention in such cases had had the practical effect of denying or impairing the subrogation rights which were guaranteed to the carrier by Section 319 of the Workmen's Compensation Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 671. See: *Maginley v. Robert J. Elliott, Inc., supra.* See also: *Van Den Heuval v. Wallace, supra.* In the instant case, however, the circumstances are different. Here, it is clear from the record that the interests of the workmen's compensation carrier are already adequately represented and that it will suffer neither loss nor impairment of its subrogation rights if it is not permitted to intervene.

The plaintiff-employee in this action and the workmen's compensation carrier are represented by the same lawyer,

and the carrier has not alleged, either expressly or by implication, that its subrogation interests will not be adequately represented. Prior to recovery by the plaintiff, his interests and those of the workmen's compensation carrier will not be adverse; and in the unlikely event that a disagreement should arise after a verdict or settlement, the carrier would have adequate opportunity to protect its interest at that time. See: *McGinnis v. United Screw & Bolt Corp.* 637 F.Supp. 9, 11 (E.D.Pa.1985), *aff'd in part and dismissed in part*, 791 F.2d 919 (3d Cir.1986). Under these circumstances, we conclude that the trial court's order denying intervention has not had the effect of denying relief which the workmen's compensation carrier can obtain in no other way. Accordingly, an immediate appeal will not lie.[1]

Appeal dismissed.

BECK, J., concurs in the result.

---

1. The appellee has argued with some merit that the petition to intervene was a sham, intended to enable plaintiff's counsel to argue to the jury for a verdict in excess of benefits already paid by the workmen's compensation carrier. This was demonstrated by counsel's pre-trial statement of questions intended to be asked during voir dire and was accepted by the court as a reason for denying intervention. It may also explain why the instant appeal was filed on behalf of both the workmen's compensation carrier and the plaintiff. Because of our decision to dismiss the appeal, we find it unnecessary to comment upon counsel's motives for seeking intervention, except to observe that if the trial court's observations are correct it becomes even clearer that the order denying intervention is not a final order.