613 A.2d 1198

**PENNSYLVANIA ASSOCIATION OF RURAL AND SMALL SCHOOLS, et al., Appellees,**

v.

**Robert P. CASEY, Governor of Pennsylvania, et al., Appellees.**

**Appeal of CENTRAL BUCKS SCHOOL DISTRICT, et al., Appellants.**

Supreme Court of Pennsylvania.

Submitted May 5, 1992.

Decided Sept. 16, 1992.

440

Thomas F.J. MacAniff, Rebecca G. Sturchio, Doylestown, for appellants.

Timothy B. Anderson, Thomas B. Schmidt, III, Harrisburg, for PARSS.

Gregory R. Neuhauser, Harrisburg, for Governor Casey.

Robert A. MacDonnell, Joseph P. Dougher, Majorie A. Thomas, Philadelphia, for ASDE.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF COURT

LARSEN, Justice.

This is a direct appeal of the May 8, 1991, order of the Commonwealth Court denying the petition for intervention of Appellants Central Bucks School District, Erin Marie Winters and Robert Brent Winters, by their parent and next friend Robert H. Winters, and Matthew Roger Williams and Erik Francis Williams, by their parent and next friend Alice M. Williams. The underlying action was filed by the Pennsylvania Association of Rural And Small Schools, et al., ("PARSS") against the Pennsylvania Secretary of Education and Governor Casey seeking a declaratory judgment that the public school funding formula, the Equalized Subsidy for Basic Education, violates Art. I, § 1 and Art. III, §§ 14 and 32 of the Pennsylvania Constitution.[1]

Between January and March 1991, Appellants, the Pennsylvania State Education Association ("PSEA") and the Association of School Districts in Support of Excellence and Equity with its member school districts and representative taxpayers (collectively, "ASDE"), petitioned to intervene in the action. On April 24, 1991, a hearing on the petitions to intervene was held before the Commonwealth Court. On May 8, 1991, the

1. The complaint also stated causes of action under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. Those claims were removed to federal court, where the action has been stayed pending the outcome of all state proceedings.

Commonwealth Court issued its opinion and order granting ASDE permission to intervene and denying the petitions of the Appellants and PSEA, determining that every individual school district is represented by PARSS as plaintiff, by ASDE in opposition or by the defendant officials. Appellants have filed this appeal claiming that they have a legally enforceable interest which is not represented by any other party and, therefore, the trial court abused its discretion by denying their petition to intervene.

■ Jurisdiction was noted on August 27, 1991, pursuant to 42 Pa.C.S. § 723, which provides this Court with exclusive jurisdiction of an appeal from a *final* order of the Commonwealth Court entered in any matter which was commenced originally in the Commonwealth Court. Appellee, PARSS, argues that the Commonwealth Court's order is not a final appealable order, and therefore, this Court does not have jurisdiction to hear this appeal.

It is well settled that an appeal will lie only from a final order unless otherwise permitted by statute. *See, e.g., Pugar v. Greco,* 483 Pa. 68, 72, 394 A.2d 542, 544 (1978); *T.C.R. Realty, Inc. v. Cox,* 472 Pa. 331, 336, 372 A.2d 721, 734 (1977); *Caplan v. Keystone Weaving Mills, Inc.,* 431 Pa. 407, 409, 246 A.2d 384, 386 (1968). Appeals are permitted only from final orders to preclude piecemeal determinations and consequent protraction of litigation. *Sweener v. First Baptist Church,* 516 Pa. 534, 538, 533 A.2d 998, 1000 (1987).

As a general rule, a "final order" is one which usually ends litigation, or alternatively, disposes of the entire case. *Piltzer v. Independence Federal Savings and Loan Association,* 456 Pa. 402, 404, 319 A.2d 677, 678 (1974). Certain orders that do not dispose of an entire case, but contain a "final aspect" have been held to be final and appealable under Pa.R.App.P. 341. In *Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 228, 348 A.2d 734, 735 (1975), we stated:

Whether an order is final and appealable cannot necessarily be ascertained from the face of a decree alone, nor simply from the technical effect of the adjudication. The finality of an order is a judicial conclusion which can be reached only

after an examination of its ramifications. We follow the reasoning of the United States Supreme Court that a finding of finality must be the result of a practical rather than a technical construction. *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949).

It has been the longstanding law in Pennsylvania that an order denying a party the right to intervene will be considered a final order if the practical consequence of the order is to deny the party seeking intervention relief to which that party is entitled but which can be secured in no other way.[2] *In re Frey's Estate*, 237 Pa. 269, 271, 85 A. 147, 148 (1912). *See, e.g., Stenger v. Lehigh Valley Hosp. Center*, 382 Pa.Super. 75, 80, 554 A.2d 954, 956 (1989); *Maginley v. Robert J. Elliott, Inc.*, 345 Pa.Super. 582, 584, 498 A.2d 977, 979 (1985); *Chiesa v. Fetchko*, 318 Pa.Super. 188, 192, 464 A.2d 1293, 1295 (1983), *aff'd*, 504 Pa. 503, 475 A.2d 740 (1984). Under *Frey's Estate*, it is necessary to examine the merits of Appellants' petition in order to determine whether the Commonwealth Court's order results in a practical denial of relief to which Appellants are entitled but which can be secured in no other way.[3]

█ Pennsylvania Rule of Civil Procedure 2327 provides in pertinent part:

At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if

**2.** While the 1992 amendment to Pa.R.App.P. 341, effective July 6, 1992, is not retroactive, and, therefore, not applicable to the present case, an order denying a party the right to intervene is no longer appealable as a final order. However, in an appropriate case, the order might fall under Rule 312 (Interlocutory Appeals by Permission) or Rule 313 (Collateral Orders).

**3.** Although it is within the sound discretion of the trial court whether to grant intervention, a denial of intervention may be reversed where there has been manifest abuse of such discretion. *Wilson v. State Farm Mutual Auto. Ins. Co.*, 512 Pa. 486, 492, 517 A.2d 944, 947 (1986); *Darlington v. Reilly*, 363 Pa. 72, 76, 69 A.2d 84, 86 (1949). A trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable or the result of partiality, prejudice, bias, or ill-will. *Stenger*, 382 Pa.Super at 81, 554 A.2d at 956.

(4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action.

The Commonwealth Court found that there is no question every school district in Pennsylvania has a sufficient legal interest in this action to be eligible under Pa.R.C.P. 2327 to be a party; however, the rules specifically provide that a petition for intervention may be denied if the interest of the petitioner is represented adequately. Pa.R.C.P. 2329(2).

PARSS, as the plaintiff, represents school districts in this Commonwealth which are interested in invalidating the Commonwealth's statutory funding mechanism for public education. PARSS claims that the statute violates the inherent rights, public school system and special laws provisions of the Pennsylvania Constitution because it has a disparate effect upon "financially distressed and deprived school districts" as opposed to the so-called more "wealthy" school districts. The Governor and Secretary of Education support the constitutionality of the statute. ASDE, as an association of school districts supporting a concept it calls "full funding" of school districts, contends that, if the statute suffers from any constitutional infirmity, it could be remedied by the General Assembly's "fully funding" the mechanism in accordance with its legislative mandate.

Appellants' legally enforceable interest, as asserted in their petition to intervene, is to maintain their state subsidies under the current school funding law. Appellants attached Preliminary Objections to the Complaint which they proposed to file if granted permission to intervene, and which seek, *inter alia,* to uphold the constitutionality of the present statute and funding. Appellants further argue that their interests are different from the other parties because (assuming intervention is granted) should their proposed preliminary objections ultimately be dismissed and they be required to file an answer to the Complaint, they state their intention to raise a *defense* to Plaintiff's claims that neither the defendants nor ASDE has asserted: the present funding scheme is unconstitutional because it imposes a disproportionate and unfair tax burden on

Appellants in comparison to the revenues remitted by the Commonwealth for public school purposes, thereby creating "a denial of equal protection and due process." Appellants' brief, p. 20.

The Commonwealth Court found that intervention and addition of individual school districts as separate parties should be refused because the interests of specific school districts, whether they be deemed "poor" or "wealthy," are represented adequately by either PARSS as plaintiff or ASDE in opposition to the position of PARSS. President Judge Craig opined:

> The fact that ASDE would file an answer and new matter, while [Appellants] would propose to file preliminary objections, is a distinction without a difference. The principal thrusts of the preliminary objections of [Appellants] are motions to dismiss for laches and for failure to state a cause of action, along with motions for a more specific pleading. ASDE's proposed new matter raises essentially the same challenges, opposing the plaintiffs upon grounds of estoppel and absence of ripeness, as well as upon grounds of laches and failure to state a claim. Therefore, despite the difference in the form of pleading, the substance of ASDE's positions covers the substance of the positions proposed by Central Bucks.

The court found that Appellants' desire to pursue a preferred litigation strategy or defense theory was not an interest entitling Appellants to intervene.

■ It is clear from the record that Appellants' main interest is to maintain their current financial well-being. Appellants entered the suit to defend the constitutionality of the funding scheme. We agree with the Commonwealth Court that Appellants' main interest is represented adequately by the other parties in this action. In addition, the outcome of this suit will have no effect on Appellants' ability to raise the issue of disproportionate taxation in a separate action.[4]

4. Because the issue of disproportionate taxation has not been raised in this suit, Appellants are not precluded by collateral estoppel from raising this issue in another case. If this issue is raised at some time

We conclude that the Commonwealth Court's order denying intervention has not had the effect of denying relief which the Appellants can obtain in no other way.[5] Therefore, under *Frey's Estate* and its progeny, we quash the appeal.

later in the present suit, Appellants are not precluded from petitioning to intervene at that time.

To the extent that Appellants suggest that their views are too important to be ignored in this action, Appellants can petition the Commonwealth Court to be heard as *amicus curiae*. Both the Pennsylvania State Education Association and the Pennsylvania School Boards Association have been granted leave by the Commonwealth Court to participate as *amici*.

5. We have, in essence, found that the Commonwealth Court's decision to deny intervention cannot be said to have been "manifestly unreasonable with the result of partiality, prejudice, bias, or ill-will", and therefore, the Commonwealth Court did not abuse its discretion in denying Appellants' petition for intervention.