26

637 A.2d 645

## Clara M. LUIZIAGA a/k/a Clara Psolka,

v.

## John PSOLKA.

Superior Court of Pennsylvania.

Argued Nov. 9, 1993.

Filed Feb. 18, 1994.

Robert A. Zibmund, Pittston, for appellant.

Erik N. Dingle, Forty Fort, for John Psolka, appellee.

Before WIEAND, OLSZEWSKI and POPOVICH, JJ.

WIEAND, Judge:

This is an appeal from an order of the trial court which denied Irene C. Zigmund's petition to intervene in a divorce action between Clara M. Luiziaga and John Psolka. Upon careful review, we conclude that the appeal must be quashed.

Clara Luiziaga (wife) and John Psolka (husband) were married on July 17, 1970. By February, 1979, they had separated, and sometime later Mrs. Luiziaga moved to Bolivia. In July, 1991, an action for divorce was commenced. On August 13, 1991, a property settlement agreement was reached which provided, inter alia, that husband would receive ownership of the marital residence in exchange for a $10,000 cash payment to wife. A decree in divorce was entered on September 10, 1991.

A year later, in September of 1992, wife filed a petition to enforce the property settlement agreement. Before a hearing had been held on the petition, Irene Zigmund, the appellant, filed a petition to intervene in the enforcement proceeding pursuant to Pa.R.C.P. 2327. According to appellant's petition, Luiziaga had attacked her with a pitch fork in 1980, and

appellant had filed a civil suit for personal injuries in 1982. However, because wife subsequently left the country and could not be contacted, the suit remained dormant.[1] In her petition for intervention, appellant requested that the trial court place all money and property payable to the alleged tortfeasor under the property settlement agreement into an escrow account pending disposition of appellant's personal injury suit. A hearing was held on appellant's petition, after which the trial court denied her request to intervene. This appeal followed.

■ Pa.R.App.P. 341 was amended on May 6, 1992, to become effective July 6, 1992, to "govern only actions ... originally commenced in a court ... after July 6, 1992." Under the amended rule, an order denying a party the right to intervene is no longer appealable as a final order. See: Pa.R.App.P. 341, Note of Committee.

■ The divorce action between Clara Luiziaga and John Psolka was commenced in July, 1991; and with respect to such an action the amended rule could have no application. The appellant's petition to intervene, however, was directed not to the entire divorce action but only to Clara Luiziaga's proceeding to enforce the property settlement agreement. This proceeding was commenced by petition filed in September, 1992. To such a proceeding, the amended Pa.R.App.P. 341 is clearly applicable. Under this rule, as we have observed, the trial court's order denying intervention is not appealable.

The trial court's order is also not appealable under the prior practice. In *Kelley v. Wolff Petroleum, Inc.*, 407 Pa.Super. 253, 595 A.2d 627 (1991), the Superior Court stated the prior practice as follows:

As a general rule, an appeal will not lie from an order denying intervention, because such an order is not a final determination of the claim made by the would-be intervenor. However, in some cases, the order denying intervention has

1. Appellant filed her suit by way of Praecipe for Summons on June 17, 1982. No further action was taken until August 28, 1990, when appellant was granted leave to reinstate her cause of action.

the practical effect of denying relief to which the intervenor is entitled and which he can obtain in no other way. Such an order will be deemed final, and an appeal therefrom will be allowed. See: *Van Den Heuval v. Wallace*, 382 Pa.Super. 242, 555 A.2d 162 (1989); *Maginley v. Robert J. Elliott, Inc.*, 345 Pa.Super. 582, 498 A.2d 977 (1985); *Boise Cascade Corp. v. East Stroudsburg Savings Association*, 300 Pa.Super. 279, 446 A.2d 614 (1982). In order to determine the appealability of an order denying intervention, therefore, one must examine the ramifications of the order to determine whether it constitutes a practical denial of relief to which the petitioner for intervention is entitled and which he can obtain in no other way.

*Id.* 407 Pa.Super. at 255, 595 A.2d at 628. See also: *Pennsylvania Ass'n of Rural and Small Schools v. Casey*, 531 Pa. 439, 442–443, 613 A.2d 1198, 1199 (1992); *Egenrieder v. Ohio Casualty Group*, 399 Pa.Super. 86, 93, 581 A.2d 937, 941 (1990), *allocatur denied*, 527 Pa. 624, 592 A.2d 44 (1991); *Maginley v. Robert J. Elliott, Inc.*, 345 Pa.Super. 582, 584, 498 A.2d 977, 979 (1985). Often, "it is necessary to examine the merits of [an appellant's] petition in order to determine whether the [court's] order results in a practical denial of relief to which [the appellant is] entitled but which can be secured in no other way." *Pennsylvania Ass'n of Rural and Small Schools v. Casey*, *supra* 531 Pa. at 443, 613 A.2d at 1200.

Here, the relief which appellant seeks has not been precluded finally by the order of the trial court. Appellant is still free to pursue her tort action against wife. If appellant desires collateral relief against wife, she may attempt to obtain injunctive relief in a separate action. See generally: Pa.R.C.P. 1531. It is not essential in order for her to protect her cause of action against the alleged tortfeasor that she intervene in the tortfeasor's divorce action. Cf. *Taub v. Merriam*, 251 Pa.Super. 572, 580–582, 380 A.2d 1245, 1249–1250 (1977) (holding that petitioner's first petition to intervene was properly denied where petitioner had alternate method of obtaining relief, but that second petition to intervene should have been granted where no other course of action was available). See

also: *Pennsylvania Ass'n of Rural and Small Schools v. Casey, supra.* Appellant has had several years to reduce her cause of action to judgment which could then have been enforced against wife's property by writ of execution. See generally: Pa.R.C.P. 3102, et seq. The same right to pursue her cause of action remains.

■ Appellant has no interest sufficient to entitle her to intervene in the divorce action of the alleged tortfeasor. She seeks merely to pre-attach assets owned by the alleged tortfeasor so that funds will be available to pay her if she should some day recover an award of damages in her long pending action. At the present time, however, she has no judgment against the alleged tortfeasor and no lien against her property. Appellant's interest is nothing but an inchoate and unproven cause of action which has remained unlitigated for more than a decade. This is not an adequate basis on which to allow appellant to compel intervention. See: *Weidner v. Weidner,* 21 Pa.D. & C.3d 538 (Potter 1982). See also: *Loftus v. Loftus,* 26 Pa.D. & C.3d 69 (Bucks 1983).[2]

Thus, whether the prior practice controls or whether the amended Appellate Rule 341 pertains, it is clear that the trial court's order denying appellant's petition to intervene is neither a final order nor appealable as a matter of right. The appeal, therefore, will be quashed.[3]

Appeal quashed.

2. Speaking of the legally enforceable interest limitation of Pa.R.C.P. 2327(4), the Supreme Court has said:

"the exact boundaries of the 'legally enforceable interest' limitation [of Pa.R.Civ.P. 2327(4) ] are not clear. It owes its origin to the desire of the courts to prevent the curious and meddlesome from interfering with litigation not affecting their rights. The result is a flexible, although uncertain rule whose application in a given case calls for the careful exercise of discretion and a consideration of all the circumstances involved." 3 Goodrich–Amram § 2327–1 (1963).

*Pennsylvania Railroad Co. v. Hughart,* 422 Pa. 615, 618, 222 A.2d 736, 738 (1966).

3. Appellant's claim that the trial court violated her constitutional rights is wholly without merit. Appellant received a fair and adequate opportunity to be heard on her petition to intervene. This is all that due process requires. As to appellant's equal protection claim, appellant

was not subjected to invidious discrimination merely because the trial court declined to accept her interpretation of the law.