Gary WATSON

v.

### CITY OF PHILADELPHIA.

**Harry Aaron Rubin, P.C., Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 10, 1995.

Decided Sept. 22, 1995.

Reargument Denied Nov. 13, 1995.

**1316**

James P. McGarrity, for appellant.

James J. West, for appellee.

Before DOYLE, and SMITH, JJ., and LORD, Senior Judge.

DOYLE, Judge.

Harry Aaron Rubin appeals an order of the Court of Common Pleas of Philadelphia County, which denied his petition to intervene in the case of *Watson v. City of Philadelphia,* November Term 1990, No. 5376.

Rubin, an attorney, was retained by Gary Watson to challenge a decision of the City of Philadelphia (City) denying Watson further employment as a municipal guard. Rubin filed an action on Watson's behalf alleging that the City violated the Pennsylvania Whistleblower Law (Law),[1] because the City had denied Watson continuing work in retaliation for making good faith reports to the City's Inspector General concerning waste and wrongdoing by his supervisors. The case proceeded to trial and, on September 6, 1991, the trial court dismissed Watson's action. Thereafter, Watson appealed to this Court, which vacated the trial court's order and remanded the case for a new trial.[2]

After the remand, but before the new trial was initiated, Watson hired the law firm of Sprague and Sprague to represent him. Rubin, thereafter, withdrew as counsel for Watson. Rubin, however, filed a petition to intervene in Watson's law suit to protect his right to any legal fees which Watson might ultimately recover under the provisions of Section 5 of the Law, 43 P.S. § 1425, which allows successful plaintiffs to seek attorney fees from defendants.[3] Rubin alleged in his petition that he had a fee agreement with Watson which provided that Rubin would look to the City for payment of the bulk of his legal fees. Rubin also alleged that, because he was "effectively discharged" by Watson, the only way he can protect his right to his fee is by intervening in this litigation.

The trial court, without holding a hearing, denied Rubin's petition to intervene on August 2, 1994. The trial court reasoned that the Law states only that a court may award a complainant litigation costs including attorney fees; hence, in the trial court's view, Rubin did not have standing to seek attorney fees under the Law. This appeal followed.

On appeal, Rubin contends that (1) the trial court erred in failing to hold a hearing on his petition to intervene, and (2) that,

---

1. Act of December 12, 1986, P.L. 1559, 43 P.S. §§ 1421–1428.

2. *Watson v. City of Philadelphia,* 162 Pa.Cmwlth. 340, 638 A.2d 489 (1994).

3. Section 5 of the Law provides as follows:
   A court, in rendering a judgment in an action brought under this act, shall order, as the court considers appropriate, reinstatement of the employee, the payment of back wages, full reinstatement of fringe benefits and seniority rights, actual damages or any combination of these remedies. A court may also award the complainant all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, if the court determines that the award is appropriate.

because he was Watson's attorney in the first trial, he had a legally enforceable interest that could be affected by Watson's second trial.

Watson, however, raises a threshold issue that must be considered before we consider the merits of Rubin's appeal. Watson asserts that Rubin is appealing an interlocutory order and, accordingly, this appeal must be quashed.

Specifically, Watson claims that a trial court order denying the right to intervene in a legal action is not a "final order" under Pa.R.A.P. 341, wherein that term is defined as follows:

(b) **Definition of a final order.** A final order is any order that:

(1) disposes of all claims or of all parties; or

(2) any order that is expressly defined as a final order by statute; or

(3) any order entered as a final order pursuant to subsection (c) of this rule.

(c) When more than one claim for relief is presented in an action ... the trial court ... may enter a final order as to one or more, but fewer than all of the claims or parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case.

Rule 341 was amended in 1992, and applies to all orders entered on or after March 1, 1994. Since an order denying a party the right to intervene does not dispose of all claims or parties, it is not a final order under Pa.R.A.P. 341. Moreover, the note to that rule expressly states that, under the amended version of Pa.R.A.P. 341, an order denying a party the right to intervene is not a final order. The new version of Pa.R.A.P. 341 effected a change in the law; prior to the 1992 amendments, an order denying a party the right to intervene was considered final if the practical consequence of that order was to deny the party relief that could not be secured in any other way. *Pennsylvania Association of Rural and Small Schools v. Casey*, 531 Pa. 439, 613 A.2d 1198 (1992).

Rubin asserts in the statement of jurisdiction section of his brief that he may appeal the trial court's order under Pa.R.A.P. 313, which allows a party to appeal a collateral order as of right. Rule 313 is a codification of the collateral order doctrine first articulated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and adopted in Pennsylvania in *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 348 A.2d 734 (1975). Pa. R.A.P. 313(b) provides:

(b) **Definition.** A collateral order is [1] an order separable from and collateral to the main cause of action where [2] the right involved is too important to be denied review and [3] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

In order to qualify as a collateral order, the appellant must demonstrate all three factors in the above definition. *Fried v. Fried*, 509 Pa. 89, 501 A.2d 211 (1985).

In the view of the federal courts, the collateral order doctrine is not an exception to the final order rule, but is a rule that allows, in the interest of "achieving a healthy legal system," a small class of decisions that do not terminate litigation to be treated as final. *Digital Equipment Corp. v. Desktop Direct, Inc.*, —— U.S. ——, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994). To fall within that small class of cases, federal law holds that the order appealed from must be conclusive, resolve important questions separate from the merits of the case, and be effectively unreviewable on appeal from the subsequent final judgment. *Id.* The requirements that must be satisfied to permit an appeal under the collateral order doctrine are stringent, *id.*, and must be narrowly construed. *Transtech Industries, Inc. v. A & Z Septic Clean*, 5 F.3d 51 (3d Cir.1993); *Yakowicz v. Pennsylvania*, 683 F.2d 778 (3d Cir.1982). Narrow construction of the collateral order doctrine is required to protect the integrity of the fundamental legal principle that only final orders may be appealed. To hold otherwise would allow the collateral order doctrine to swallow up the final order rule, *Yakowicz*, causing litigation to be interrupted and delayed by piecemeal review of trial court decisions. *Richardson–Merrell, Inc. v. Koller*,

**1318**

472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985).

The comment to Pa.R.A.P. 341 notes that an order denying a party the right to intervene could be appealable as a collateral order under Pa.R.A.P. 313. Watson, however, argues that Rubin may not appeal the trial court's order denying him the right to intervene, because Rubin has a full and complete remedy in that he could file a lawsuit against Watson for the disputed fees. Thus, in essence, Watson is asserting that Rubin's claim will not be irreparably lost if he is unable to appeal the trial court's decision denying him the right to intervene. We are constrained to agree with Watson.

Rubin desires to intervene in Watson's suit against the City to protect his right to be paid for services he rendered to Watson in this matter. Rubin alleged in his motion to intervene that he had a fee agreement with Watson and, under the terms of that agreement, Rubin promised that he would seek payment of his fee from the City if Watson was successful in his suit. Rubin also alleged that, although he withdrew as counsel, he was "effectively discharged" after Watson hired new counsel. While there are unresolved questions of fact regarding those allegations, if such an agreement exists and Rubin was "effectively discharged" by Watson, any right Rubin might have to a fee for the services he rendered to Watson could be determined in an action to recover in quantum meruit a proper amount for those services. *Hiscott and Robinson v. King*, 426 Pa.Super. 338, 626 A.2d 1235 (1993), *petition for allowance of appeal denied*, 537 Pa. 641, 644 A.2d 163 (1994) (where a contingency fee contract exists and the client terminates the representation, the attorney may recover in quantum meruit compensation for services rendered); *see also Eisenberg v. General Motors Acceptance Corp.*, 761 F.Supp. 20 (E.D.Pa.1991) (attorney's withdrawal from representation did not preclude quantum meruit recovery of fee, when circumstances of the withdrawal did not constitute an unjustified abandonment of the contract).

■ Even in the absence of a fee agreement with Watson, Rubin could also seek damages under the theory of unjust enrichment, since an attorney has a cause of action against a client who has been unjustly enriched at the attorney's expense. *Johnson v. Stein*, 254 Pa.Super. 41, 385 A.2d 514 (1978). In light of the above, it is clear that Rubin has a separate and distinct cause of action he can assert against Watson to recover attorney's fees that are allegedly due him; therefore, we conclude that Rubin's claim will not be irreparably lost if he is denied the opportunity to appeal the trial court's order. Hence, we hold that the trial court's order is an unappealable interlocutory order.

Accordingly, this appeal is quashed.

### ORDER

NOW, September 22, 1995, the appeal in the above-captioned matter is hereby quashed.

SMITH, J., dissents.

LORD, Senior Judge, concurs in the result only.