# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Birchwood Estates Realty, LLC, Appellant | : | **CASES CONSOLIDATED** |
| v. | : | No. 902 C.D. 2022 |
| Lackawanna County Board of Assessment Appeals (2021-CV-1823) | : | |
| Birchwood Estates Realty, LLC, Appellant | : | |
| v. | : | No. 1270 C.D. 2022 |
| Lackawanna County Board of Assessment Appeals, Lackawanna County, Old Forge School District, and Old Forge Borough (2019-CV-1438) | : | |
| Maple Leaf Village, Inc. | : | |
| v. | : | No. 1228 C.D. 2022 |
| Lackawanna County Board of Assessment Appeals, Lackawanna County, Old Forge Area School District, and Old Forge Borough (2017-CV-4568) | : | |
| Appeal of: Birchwood Estates Realty, LLC | : | |
| Lilac Meadows, Inc., Appellant | : | |
| v. | : | No. 1250 C.D. 2022 |
| Lackawanna County Board of Assessment Appeals, Lackawanna County, Old Forge Area School District, and Old Forge Borough (2017-CV-6234) | : | |

The Orchards, Inc.                 :

               :

         v.                :    No. 1252 C.D. 2022

               :

Lackawanna County Board of      :

Assessment Appeals, Lackawanna    :

County, Old Forge Area School      :

District, and Old Forge Borough     :

(2017-CV-6233)              :

               :

Appeal of: Birchwood Estates      :

Realty, LLC               :

               :

Birchwood Estates Realty, LLC,     :

             Appellant    :

         v.                :    No. 1251 C.D. 2022

               :

Lackawanna County Board of      :    Submitted September 9, 2024

Assessment Appeals           :

(2022-CV-1442)             :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                   FILED: October 11, 2024


These consolidated appeals are from the August 2, 2022 order of the Court of Common Pleas of Lackawanna County (trial court) related to a discovery dispute in a tax assessment appeal. Because the orders are interlocutory, and not appealable as collateral orders, we quash the appeals.

## I. Facts and Procedural Background

The underlying tax assessment matter involves four properties (Properties) owned by Maple Leaf Village, Inc., Lilac Meadows, Inc., The Orchards, Inc., and Birchwood Estates Realty, LLC, all of which have the same corporate presidents/principals, George Dunbar and Michael G. Gallacher (collectively, Appellants). The Properties contain numerous townhouse or apartment units which are leased to residential tenants.

Beginning in 2017, Appellants filed numerous tax assessment appeals from the valuations of the Properties assessed by Lackawanna County, Old Forge School District (School District), and Borough of Old Forge (collectively, Taxing Authorities). The Lackawanna County Board of Assessment Appeals (Board) denied the appeals and upheld the assessments. Appellants appealed to the trial court. The tax appeals were consolidated, and a trial was scheduled for June 8, 2022. On April 27, 2022, the School District served Appellants with a Request for Production of Documents. (Reproduced Record (R.R.) at 6a-11a.) The request sought "all documents reflecting rents received on each property/building that is subject to the instant tax assessment appeal . . . from the date of [Appellants'] previous produc[tion] of rental information to the present." *Id.* at 11a. The request also sought "all appraisals that have been submitted to any lending institutions, or obtained for any reason whatsoever by [Appellants], for each property." *Id.*

Appellants objected to the request for rental information on the grounds that this information is "confidential, non-public information, the revelation of which could be detrimental to Appellants." *Id.* at 158a-61a. They agreed to produce the rental income information upon execution of a confidentiality agreement by the Taxing Authorities and those who would view the documents. *Id.* Appellants

prepared and sent a proposed confidentiality agreement. *Id.* at 135a. The Taxing Authorities refused to execute the proposed confidentiality agreement. *Id.*

After receiving Appellants' response, the Taxing Authorities served subpoenas on the lending institutions that financed the construction of the Properties. Said subpoenas sought the

> [f]ull and complete mortgage file, including any and all appraisals (inclusive of preconstruction and post-construction appraisal), loan applications filed, and any and all documents relating to the financing obtained for the land acquisitions and or construction on the properties.
> . . .

*Id.* at 239a-40a.

Appellants filed a blanket objection to all of the subpoenas, asserting that "[t]he subpoenas seek 'private, sensitive, confidential, non-public, constitutionally protected financial information relating to Appellants and their principal.'" *Id.* at 283a-84a.

On June 28, 2022, the Taxing Authorities filed a Joint Motion to Compel Supplementary Discovery Responses (Motion to Compel) and a Motion to Strike Appellants' Objections to Notices of Intent to Serve Subpoenas (Motion to Strike Objections). Oral argument was held on all issues on August 1, 2022. On August 2, 2022, the trial court entered an order (1) granting the Taxing Authorities' Motion to Compel, ordering Appellants to provide "rental income information only" to the Taxing Authorities, and directing that "all personal and financial information, including identification information of tenants be redacted"; and (2) holding in abeyance the Taxing Authorities' Motion to Strike Objections pending an *in camera* review of appraisals and other records in the mortgage files from the relevant financial institutions. The trial court further directed Appellants to

4

make requests of the financial institutions subpoenaed by [the Taxing Authorities] for responsive documents and provide copies of these documents to this [c]ourt on or before August 19, 2022. Appellants shall provide a log of the type of documents in each file to opposing counsel and this [c]ourt. Along with this log, Appellants shall state all objections and/or assertions of privilege as to discovery of these documents. Following the *in camera* review, this [c]ourt will reschedule this matter for disposition.

(Trial ct. order, 8/2/22, at 1-3.)

Appellants now appeal from that order. They raise two issues:

1. Whether the trial court erred in ordering the production of the private, sensitive, confidential, non-public, financial income information of [Appellants] and their principal to the [Taxing Authorities] without ensuring that the documents were protected from further disclosure; and

2. Whether the trial court erred in failing to sustain [Appellants'] objections to the subpoenas for extensive, private, sensitive, confidential, non-public and mostly non-relevant financial bank records of [Appellants] and their principal and ordering the same for *in camera* review.

(Appellants' Br. at 6.)

Because discovery orders are generally not appealable as they do not dispose of the litigation, this Court directed the parties to address the appealability of the August 2, 2022 order under Pennsylvania Rule of Appellate Procedure 313 (Pa.R.A.P. 313), in their principal briefs along with the merits. As this is a threshold

5

inquiry, which implicates our jurisdiction, we first address the appealability of the order.[1]

## II. Analysis

Generally, only a final order of a government unit or trial court may be appealed to an appellate court. Pa.R.A.P. 341(a). Pennsylvania Rule of Appellate Procedure 341(b) defines a "final order" as, *inter alia*, any order that "disposes of all claims and of all parties." Pa.R.A.P. 341(b).

As a general rule, discovery orders are deemed interlocutory and not immediately appealable because they do not dispose of the litigation. *Smith v. Philadelphia Gas Works*, 740 A.2d 1200, 1203 (Pa. Cmwlth. 1999); *Strain v. Simpson House*, 690 A.2d 785, 787 (Pa. Cmwlth. 1997) ("As a general rule, appellate courts do not provide interim supervision of discovery proceedings conducted in connection with pending litigation absent unusual circumstances."); *Red Vision Systems, Inc. v. National Real Estate Information Services, L.P.*, 108 A.3d 54, 58 (Pa. Super. 2015); *Pilchesky v. Gatelli*, 12 A.3d 430, 435 (Pa. Super. 2011). The August 2, 2022 discovery order is not a final order because it does not dispose of the litigation. Because it is not a final order, we next examine whether the order is otherwise appealable.

Under Rule 313(a) of the appellate rules, "[a]n appeal may be taken as of right from a collateral order of an administrative agency or lower court." Pa.R.A.P. 313(a). A "collateral order" is defined as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until

---

[1] Whether an order is appealable under the collateral order doctrine under Pa.R.A.P. 313 is a question of law, subject to a *de novo* standard of review, and the scope of review is plenary. *Rae v. Pennsylvania Funeral Directors Association*, 977 A.2d 1121, 1126 n.8 (Pa. 2009).

6

final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b); *Commonwealth v. Harris*, 32 A.3d 243, 248 (Pa. 2011). The definition includes three requirements, and "[e]ach prong of the collateral order doctrine must be met before an order may be considered collateral." *MarkWest Liberty Midstream & Resources, LLC v. Clean Air Council*, 71 A.3d 337, 342 (Pa. Cmwlth. 2013). The requirements to be satisfied to bring an appeal under the collateral order doctrine are stringent and must be narrowly construed. *Watson v. City of Philadelphia*, 665 A.2d 1315 (Pa. Cmwlth. 1995).

### Separable Claim

The first prong examines whether the order is separable from and collateral to the main cause of action. "If the resolution of an issue concerning a challenged trial court order can be achieved independent from an analysis of the merits of the underlying dispute, then the order is separable for purposes of determining whether the order is a collateral order pursuant to Rule 313." *Id.* (citing *Commonwealth v. Dennis*, 859 A.2d 1270, 1277-78 (Pa. 2004)).

Here, Appellants claim that the trial court erred when it ordered them (subject to numerous safeguards as to privilege, confidentiality, and discoverability) to produce rental information and mortgage files. This claim can be addressed without analyzing the valuation of the Properties for purposes of determining the validity of tax assessments. Since the August 2, 2022 order appealed from is separable from, and collateral to, the main cause of action, the first prong has been met.

### Important Right

The second prong is whether the right involved is too important to be denied review. Our Supreme Court has explained that this prong is satisfied "if the

interests that would potentially go unprotected without immediate appellate review of that issue are significant relative to the efficiency interests sought to be advanced by adherence to the final judgment rule." *Ben v. Schwartz*, 729 A.2d 547, 552 (Pa. 1999) (citation omitted). Moreover, "it is not sufficient that the issue be important to the particular parties. Rather it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." *Melvin v. Doe*, 836 A.2d 42, 47 (Pa. 2003) (citation omitted); *MarkWest Liberty*, 71 A.3d at 342 ("An issue is important under Rule 313 if the issue implicates rights that are deeply rooted in public policy and impacts individuals other than those involved in the litigation of that case.").

Our courts have held that individuals have a privacy interest in information when such information is made confidential per statute. *See Dougherty v. Heller*, 138 A.3d 611, 629 n.10 (Pa. 2016) (citing *Cooper v. Schoffstall*, 905 A.2d 482, 485 n.3 (Pa. 2006)) (individuals have a "privacy interest in information contained in federal tax returns. . . . Such information is made confidential per federal statute"); *J.S. v. Whetzel*, 860 A.2d 1112, 1117 (Pa. Super. 2004) (in personal injury action, defendant's expert medical witness appealed order requiring production of all 1099 tax forms from 1999 to 2002 from any insurance company or attorney; held that admissibility of 1099 forms "may be addressed without analyzing [defendant's] alleged negligence in the automobile accident"); *Merithew v. Valentukonis*, 869 A.2d 1040, 1043 (Pa. Super. 2005), *abrogated on other grounds by*, *Rae*, 977 A.2d 1121 (discovery order compelling defendant to disclose her complete financial worth implicated her privacy interest in her financial information and raised sufficiently important public policy concern to satisfy second prong of collateral order doctrine).

Appellants contend that an important right exists here because a specific privacy concern is at issue, namely their interest in avoiding the disclosure of personal financial information.[2] Appellants mistakenly rely on *Cabot Oil and Gas Corporation v. Speer*, 241 A.3d 1191 (Pa. 2020), in arguing that the rental fees collected are akin to the confidential financial information at issue in *Cabot*. In *Cabot*, the financial information at issue included an order compelling the production of income statements, profit/loss statements, tax returns, and other financial documents that infringed on the privacy rights of the objectors. None of these are an issue here. Appellants baldly contend that production of documents evidencing their rental income would necessarily include production of income statements,[3] profit/loss statements, and tax returns. However, as the Taxing Authorities point out, the August 2, 2022 order merely directed Appellants to produce the amount of rent received by Appellants. There is nothing in the order which can logically be read to indicate that the ruling required Appellants to provide income statements, profit/loss statements, and/or tax returns. Appellants were simply required to provide the amount of rent received for the specific properties at issue. Such information is paramount to an income approach valuation of the Properties, which will ultimately be considered by the trial court, and therefore speaks directly to the issues raised by Appellants themselves in the underlying

---

[2] Appellants do not claim that the documents reflecting rents and the mortgage files are privileged. *See Rhodes v. USAA Casualty Insurance Co.*, 21 A.3d 1253, 1258 (Pa. Super. 2011) ("[g]enerally, discovery orders involving purportedly privileged material are appealable" under the collateral order doctrine).

[3] An income statement is not a simple listing of rental revenues received (which is what the trial court ordered production of). An income statement contains information pertaining to expenses, gains, losses, and net loss or net profit. None of this information was required to be produced by Appellants in this case.

9

assessment appeal. Listing of rental amounts received, as required by the trial court, would not, in any way whatsoever, necessitate production of tax returns, income statements, or profit/loss statements.

Moreover, Appellants have failed to identify any actual basis as to why listing rental amounts is confidential as it is simply the rental income generated from the specific properties at issue. Anyone could simply call the rental office and request the information. By appealing the assessments, Appellants have placed the amount of income realized from the rental of the Properties at issue. Rental information is disclosed routinely in tax assessment cases as relevant to the income approach of valuation.

As to the ruling on Appellants' objections to the subpoenas to obtain applicable mortgage files, the trial court's ruling is simply not ripe for appellate review. Therefore, Appellants cannot meet the second prong. The August 2, 2022 order allowed Appellants to obtain the mortgage files directly from the banking institutions and review them. Appellants were then to provide a log of the type of documents in each file to opposing counsel and the trial court. Along with said log, Appellants were given the opportunity to state all objections and/or assertions of privilege as to discovery. Then, following an *in camera* review, the trial court was to reschedule the matter for disposition.

Appellants' rights to object and assert privilege were preserved. The trial court did not rule on the discoverability of any document contained in the mortgage files. Appellants' appeal is premature as the trial court was never afforded the opportunity to complete its *in camera* review, consider objections, consider any asserted privileges, and rule on discoverability.

Appellants' generalized claim of a privacy right in their financial documents, without more, is therefore insufficient to raise the type of issue which is "too important to be denied review" under Rule 313(b). Accordingly, the importance prong of the collateral order test has not been satisfied, and because all prongs have not been met, the August 2, 2022 order is not an appealable collateral order.

## III. Conclusion

Because the August 2, 2022 order is not a final appealable order or a collateral order under Pennsylvania Rule of Appellate Procedure 313(b), this Court lacks jurisdiction. Accordingly, we quash the consolidated appeals.

_____
PATRICIA A. McCULLOUGH, Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Birchwood Estates Realty, LLC,<br>    Appellant<br>    v. | : | **CASES CONSOLIDATED** |
| | : | No. 902 C.D. 2022 |
| Lackawanna County Board of<br>Assessment Appeals<br>(2021-CV-1823) | : | |
| | : | |
| Birchwood Estates Realty, LLC,<br>    Appellant<br>    v. | : | No. 1270 C.D. 2022 |
| Lackawanna County Board of<br>Assessment Appeals, Lackawanna<br>County, Old Forge School<br>District, and Old Forge Borough<br>(2019-CV-1438) | : | |
| | : | |
| Maple Leaf Village, Inc. | : | |
| | : | |
| v. | : | No. 1228 C.D. 2022 |
| Lackawanna County Board of<br>Assessment Appeals, Lackawanna<br>County, Old Forge Area School<br>District, and Old Forge Borough<br>(2017-CV-4568) | : | |
| | : | |
| Appeal of: Birchwood Estates<br>Realty, LLC | : | |
| | : | |
| Lilac Meadows, Inc.,<br>    Appellant<br>    v. | : | No. 1250 C.D. 2022 |
| Lackawanna County Board of<br>Assessment Appeals, Lackawanna<br>County, Old Forge Area School<br>District, and Old Forge Borough<br>(2017-CV-6234) | : | |

The Orchards, Inc.                          :
                                            :
              v.                            :     No. 1252 C.D. 2022
                                            :
Lackawanna County Board of                  :
Assessment Appeals, Lackawanna              :
County, Old Forge Area School               :
District, and Old Forge Borough             :
(2017-CV-6233)                              :
                                            :
Appeal of: Birchwood Estates                :
Realty, LLC                                 :
                                            :
Birchwood Estates Realty, LLC,              :
                    Appellant               :
              v.                            :     No. 1251 C.D. 2022
                                            :
Lackawanna County Board of                  :
Assessment Appeals                          :
(2022-CV-1442)                              :

## ***ORDER***

AND NOW, this 11th day of October, 2024, the consolidated appeals of Maple Leaf Village, Inc., Lilac Meadows, Inc., The Orchards, Inc., and Birchwood Estates Realty, LLC from the August 2, 2022 Order of the Court of Common Pleas of Lackawanna County, entered in the above-captioned matters, are hereby **QUASHED**.

 

_____
PATRICIA A. McCULLOUGH, Judge