676 A.2d 1237

Patricia DiLUCIDO, Mitchell Rosen and Dena Rosen, on behalf of themselves and others similarly situated, Appellants,

v.

TERMINIX INTERNATIONAL, INC., and the Terminix International Company L.P., Appellees.

Superior Court of Pennsylvania.

Argued March 28, 1996.

Filed May 22, 1996.

394

Jay S. Cohen, Lower Gwynedd, for appellants.

Mitchell S. Pinsly, Philadelphia, for appellee.

Before CAVANAUGH, TAMILIA, JJ., and MONTEMURO, J.*

OPINION

MONTEMURO, Justice.

This is an appeal from the order of the Court of Common Pleas of Philadelphia County, denying Appellants request for class certification. For the following reasons, we affirm.

Preliminarily, we must address the issue of whether this appeal is properly before our Court. It is well settled that an appeal may be taken only from final orders, unless otherwise permitted by statute. *Pennsylvania Ass'n of Rural and Small Schools v. Casey,* 531 Pa. 439, 442, 613 A.2d 1198, 1199 (1992). Previously, certain orders that did not dispose of an entire case, but contained an aspect of finality, had been held to be final orders under Rule 341 of the Pennsylvania Rules of Appellate Procedure. *Id.* Among these orders was the denial of class certification.

However, on May 6, 1992, the Pennsylvania Supreme Court amended Rule 341 and adopted Rule 313 of the Pennsylvania Rules of Appellate Procedure. Initially, the changes were to govern only those actions which commenced after July 6, 1992. But, on January 10, 1994, the Supreme Court ordered that the

* Retired Justice assigned to Superior Court.

new changes apply to all orders entered on or after March 1, 1994, regardless of when the action commenced. As the order from which this appeal was taken was entered on September 28, 1995, this case is clearly within the purview of the new and amended rules.

In contrast to the old rule, the amended Rule 341 only permits appeals from orders which dismiss all claims or all parties. However, the Note following the amended rule provides a partial list of orders which are no longer considered final orders, but which may be appealable under Rule 312 or 313 in appropriate cases. Among those listed is "an order denying class certification in a class action case." Pa.R.App.P. 341 Note. As the parties, in this case, did not seek permission to file this appeal under Rule 312, we must determine whether it is properly before us pursuant to Rule 313, governing appeals from collateral orders. This rule provides:

(a) **General Rule.** An appeal may be taken as of right from a collateral order of an administrative agency or lower court.

(b) **Definition.** A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.App.P. 313. Accordingly, in order to qualify as a collateral order, the instant order must satisfy all three factors in the above definition.

First, the order denying class certification clearly is separable from and collateral to the cause of action for liability under the Unfair Trade Practices and Consumer Protection Law (UTPCPL). Next, we note that class actions were established to provide a means by which the claims of many individuals could be resolved at one time, thereby eliminating the possibility of repetitious litigation and providing small claimants with a method to seek compensation for claims that would otherwise be too small to litigate. *Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 231, 348 A.2d 734, 737

(1975). Undoubtedly, the opportunity to litigate a meritorious claim is a right that warrants review. Finally, if not immediately appealable, this right would be lost. Any persons who chose to proceed individually would eventually obtain their remedy and would have no reason to appeal the denial of certification, while those with small claims would be turned away without recourse. Accordingly, we find that the elements of Rule 313 have been established, and this case is properly before this Court. Therefore, we will proceed with the issue of whether class certification was properly denied.

Pennsylvania Rule of Civil Procedure 1708(a) sets forth the prerequisites for class certification. It provides that one or more members of a class may sue on behalf of all members in a class, if the court determines that: (1) the size of the class is manageable; (2) common questions of law or fact predominate; (3) the claims of the representative parties are typical of the claims of the class; (4) the representative parties will fairly and adequately assert and protect the interests of the class; (5) the class action provides a fair and efficient method for adjudication of the claims. *See Kelly v. County of Allegheny*, 519 Pa. 213, 218, 546 A.2d 608, 610 (1988).

In making its decision to deny class certification, the lower court held that common questions of law or fact did not predominate the case and that a class action would not be a fair and efficient method of adjudicating the claims. The court stated that Appellants would be required to prove the elements of common law fraud and would have to show that they relied to their detriment on misrepresentations by Appellee. As such, every member of the proposed class would have to show that he or she saw the misrepresentations, relied on the same, and actually suffered an ascertainable loss. Furthermore, those actually injured would have to show the source of the injury and the type of injury.

The lower court also held that the claims of the named parties were not typical of those asserted for the class. First, it noted that a claim under the UTPCPL requires actions or representations that are in fact misleading and that Appellant Mitchell Rosen testified that he had not been misled by

Appellee's representations. Next, the court found that none of the Appellants alleged ascertainable losses, as required under the UTPCPL. Finally, the court noted that Appellant DiLucido was not a typical plaintiff, as she used the property for rental income and would most likely not be protected under the UTPCPL.

On appeal, Appellants raise the following questions for our review: (1) whether reliance is a necessary element of proof under 73 P.S. § 201-2(4)(ii), (v), (vii), (xvi) & (xvii); (2) whether common questions of law or fact predominate; (3) whether the claims or defenses of the representative parties are typical of the claims or defenses of the class; (4) whether Appellants were required to present proof of actual physical injury in order to establish ascertainable losses; and (5) whether Appellants are entitled to relief for the delay in the lower court rendering a decision on class certification.

First, we must note that "[t]rial courts are vested with broad discretion in determining definition of the class as based on commonality of issues and the propriety of maintaining the action on behalf of the class." *Klemow v. Time, Inc.,* 466 Pa. 189, 197, 352 A.2d 12, 16 (1976), *cert. denied,* 429 U.S. 828, 97 S.Ct. 86, 50 L.Ed.2d 91 (1976). Accordingly, the lower court's order denying class certification will not be disturbed on appeal, unless the court neglected to consider the requirements of the rules or abused its discretion in applying them. *D'Amelio v. Blue Cross of Lehigh Valley,* 347 Pa.Super. 441, 448, 500 A.2d 1137, 1141 (1985), *allocatur denied,* 514 Pa. 630, 522 A.2d 559 (1986).

To counter the trial court's determination that the elements of common law fraud must be proven, Appellants contend that the Consumer Protection Law creates a "statutory fraud" for which they need not prove the elements of common law fraud, especially that of reliance. To support this contention, Appellants refer to *Commonwealth by Creamer v. Monumental Properties,* 459 Pa. 450, 329 A.2d 812 (1974), in which the Court stated that "[t]he Consumer Protection Law was in relevant part designed to thwart fraud in the statutory

sense ..." *Id.* at 460, 329 A.2d at 817 (emphasis added). However, this Court specifically addressed this argument in *Prime Meats, Inc. v. Yochim,* 422 Pa.Super. 460, 619 A.2d 769 (1993), *allocatur denied,* 538 Pa. 627, 646 A.2d 1180 (1994), and held that to recover under section 201–2(4)(xvii) of the UTPCPL, the elements of common law fraud must be proven. *Id.* at 469, 619 A.2d at 773. The Court explained that the above language was a reference to the legislative attempts to thwart fraud, not to redefine it. *Id.* at 469–70, 619 A.2d at 774.

However, in *Gabriel v. O'Hara,* 368 Pa.Super. 383, 534 A.2d 488 (1987), when determining the appropriate statute of limitations to apply to a claim under section 201–2(4)(viii), this Court noted that the UTPCPL "encompasses an array of practices which might be analogized to passing off, misappropriation, trademark infringement, disparagement, false advertising, fraud, breach of contract, and breach of warranty." Such actionable conduct sounds in assumpsit as well as trespass and parallels actions in contract as well as those arising in tort. *Id.* at 396, 534 A.2d at 495. Therefore, this Court stated that it was unable to characterize all the various claims under the UTPCPL as fraud or deceit. *Id.*

While the Court in *Gabriel* did not address the specific sections at issue in this case, its reasoning is nonetheless persuasive. If we explored the parallel actions for the deceptive conduct delineated in section 201–2(4), we would discover various standards for the distinct and separate deceptive practices. It would, therefore, seem logical to apply those same standards for actions under the corresponding subsections of 201–2(4) of the UTPCPL, so that persons would not be subject to differing standards for identical conduct. Applying this rationale, we note that under section 201–2(4)(ii)[1], a plaintiff is required to establish that a defendant's representations were likely to cause confusion or misunderstanding.

1. This section defines "unfair methods of competition" and "unfair or deceptive acts or practices" as "[c]ausing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services." 73 P.S. § 201–2(4)(ii).

*Commonwealth, Atty. Gen. Packel v. Tolleson,* 14 Pa.Commw. 72, 123, 321 A.2d 664, 693 (1974), *decree aff'd,* 462 Pa. 193, 340 A.2d 428 (1975). Under section 201–2(4)(v)[2], a plaintiff must establish that a defendant's advertisement is false, that it actually deceives or has a tendency to deceive a substantial segment of its audience, and that the false advertising is likely to make a difference in the purchasing decision. *Commonwealth v. Hush–Tone Indus., Inc.,* 4 Pa.Commw. 1, 21, 1971 WL 13030 (1971). Under section 201–2(4)(xvi)[3], a plaintiff must show that a defendant agreed in writing to perform a contract with a certain quality and that the work was substandard and inferior. *Commonwealth v. Burns,* 663 A.2d 308, 311 (Pa.Cmwlth.1995). Finally, under section 201–2(4)(xvii)[4], a plaintiff is required to prove the elements of common law fraud. *Prime Meats,* 422 Pa.Super. at 469, 619 A.2d at 773.

Accordingly, we find that Appellants are correct in their contention that they are not required to prove the elements of common law fraud to establish violations of sections (ii), (v) and (xvi). However, this does not relieve them of the burden of establishing a causal connection to or reliance on the alleged misrepresentations of Appellee. We note that section 201–9.2(a) of the UTPCPL, providing for private actions, states, in relevant part:

2. This section defines "unfair methods of competition" and "unfair or deceptive acts or practices" as:
   Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have.
   73   P.S. § 201–2(4)(v).

3. This section defines "unfair methods of competition" and "unfair or deceptive acts or practices" as "[m]aking repairs, improvements or replacements on tangible, real or personal property, of a nature or quality inferior to or below the standard of that agreed to in writing."
   73 P.S. § 201–2(4)(xvi).

4. This section defines "unfair methods of competition" and "unfair or deceptive acts or practices" as "[e]ngaging in any other fraudulent conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201–2(4)(xvii).

Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act . . .

73 P.S. § 201–9.2 (emphasis added). Certainly, the use of the phrase "as a result of" indicates the intent of the Legislature to require a causal connection between the unlawful practice and a plaintiff's loss. Accordingly, we find that in order to proceed with their claims under the UTPCPL, Appellants must be able to establish that the alleged misrepresentations by Appellee caused their loss.

At the class certification hearing, Appellant Mitchell Rosen testified that he

did not see anything specific from Terminix in terms of . . . I had seen their advertising all over the place. And I was under the assumption, maybe the wrong assumption from what I learned lately, that what the methods that they used are safe. . . . I mean I assumed that they were a national company, and they are not going to go into somebody's house and use something that's unsafe. And if something is unsafe you would think that you would see it in their advertising, or at least a disclaimer, . . . I mean I never saw anything like that.

(Notes of Testimony at 42–43). He also testified that he retained Appellee Terminix simply by renewing the plan purchased by the prior owners. (Notes of Testimony at 38–39). He stated that he and his wife "assumed it would be prudent, since [Terminix] had done the work before . . ." *Id.*

The above testimony indicates that Appellant Mitchell Rosen relied on Appellee's status as a national company and the fact that Appellee had previously treated his home to make his decision to purchase renewal contracts. Furthermore, Appellant Mitchell Rosen's primary contention appears to be that Appellee failed to say enough in its advertising (i.e., warning or disclaimer information), rather than too much. Based on

this testimony, we find that Appellant Mitchell Rosen has failed to present sufficient evidence to establish that his alleged loss was a result of specific misrepresentations by Appellee, as required in a private action under the UTPCPL. Therefore, his claims would not be typical of the proposed class.[5]

As for Appellant DiLucido, she did not testify that she relied upon any allegedly misleading advertising. Rather, she stated that Terminix was "the only company that I thought of when the topic of termites came up." (Notes of Testimony at 71). Like Appellants Mitchell and Dena Rosen, Appellant DiLucido has failed to present sufficient evidence to establish that her alleged loss was a result of misrepresentations by Appellee, as required in a private action under the UTPCPL. Therefore, her claims would not be typical of the members of the proposed class.

We also note that Appellant Patricia DiLucido testified that she does not personally reside at the residence in question, rather she allows one tenant to stay there free of charge, while she collects rent from a second tenant. (Notes of Testimony at 68). The UTPCPL only allows a private action for damages where the person purchased the service in question "primarily for personal, family or household purposes." 73 P.S. § 201–9.2. Appellant attempts to argue that her situation is analogous to that in *Valley Forge Towers South Condominium v. Ron–Ike Foam Insulators,* 393 Pa.Super. 339, 574 A.2d 641, (1990), *aff'd,* 529 Pa. 512, 605 A.2d 798 (1992), in which a condominium association was permitted to maintain a private action on behalf of the individual resident owners. *Id.* at 348, 574 A.2d at 645. However, Appellant DiLucido is not attempting to bring this action as a representative of her tenants; rather, she seeks to recover as the owner of rental income property. As such, she would not be

---

5. We note that Appellant Dena Rosen did not testify at the class certification hearing. Therefore, we will assume that the reasons set forth by Appellant Mitchell Rosen also apply to her. Accordingly, we find that her claims would not be typical of the claims of the proposed class.

protected under the UTPCPL, and her claims would not be typical of members of the proposed class.

The purpose of the typicality requirement is to determine whether the class representatives' overall position on the common issues is sufficiently aligned with that of the absent class members, to ensure that the pursuit of their interests will advance those of the proposed class members. *D'Amelio*, 347 Pa.Super. at 458, 500 A.2d at 1146. As Appellants failed to establish that they would be able to proceed under the various sections of the UTPCPL, we find that they cannot satisfy this requirement.

Based on our determination that Appellants have failed to satisfy the typicality requirement for class certification, it is unnecessary for us to discuss whether common issues would predominate and whether proof of physical injury is necessary to establish an ascertainable loss. However, we will address Appellants' final contention regarding the delay in denying class certification.

Appellants assert that they are entitled to some sort of relief due to the four year delay by the trial court in rendering its final decision on Appellants' motion for class certification. We note that Appellants petitioned the Supreme Court of Pennsylvania for Writ of Mandamus, alleging an unconstitutional delay in the administration of justice and requesting the assignment of a new judge and an expedited decision on the matter. The Supreme Court, however, refused to grant Appellants any relief on this basis. As Appellants have sought and been denied relief based on the very issues presently asserted, we will not venture to fashion relief which our Supreme Court refused to grant.

According, the order of the trial court is hereby affirmed.