# Glick v. Progressive Northern Insurance Co.

*Steven A. Schwartz,* for plaintiffs.
*Delano M. Lantz,* for defendants.

COHEN, *J.,* October 1, 2003—Before the court is plaintiffs' motion for class certification. For the reasons fully set forth below, said motion is granted.

## BACKGROUND

The instant action was brought on behalf of a class of medical providers against Progressive Northern Insurance Company and its predecessor, Mountain Laurel Assurance Co. (collectively Progressive). Plaintiffs seek certification of the following class:

"Any person, institution, corporation, entity or provider of medical benefits ('medical provider class') who has provided and has therefore received or is entitled to receive payments for any 'medical benefits' or 'first-party benefits' or 'extraordinary medical benefits' or 'combination benefits' (collectively, 'medical benefits') as those terms are defined in section 1702, section 1711 and section 1712(1), (5) and (6) of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701 et seq. from defendants arising out of injuries suffered by defendants' insured in motor vehicle accidents, where defendants' payment of such medical benefits are or were 'overdue' (as defined in section 1716 of the MVFRL) and defendants have not paid the medical benefits in full because the payments by Progressive did not include 12 percent per annum interest on such overdue medical benefits and/or no payment of medical benefits has yet been made or are overdue." See pl. mtn. at 1.

The parties essentially agree that the resolution of this case hinges on a single legal issue, namely whether section 1716 requires insurers to automatically pay 12 percent interest on all bills that are paid more than 30 days after Progressive receives proof of the amount of those bills, regardless of the reason for the delay.

Plaintiffs argue that the MVFRL clearly provides that medical benefits are "overdue" if not paid within 30 days after the insurer receives "reasonable proof of the *amount* of the benefits" and that the clock starts to run as soon as Progressive receives copies of the form HCFA 1500 bills submitted by the treating physicians. Progressive, on the other hand, maintains that the decision to pay or deny a bill is the product of many factors including, but not lim-

ited to, whether there is coverage for the insured, whether the medical treatment is appropriate and whether the particular individual has other coverage available. Thus, according to Progressive, every decision is claim specific, bill specific and insurance specific, which renders this case inappropriate for class certification.

## DISCUSSION

The purpose behind allowing class action suits is "to provide a means by which the claims of many individuals could be resolved at one time, thereby eliminating the possibility of repetitious litigation and providing small claimants with a method to seek compensation for claims that would otherwise be too small to litigate." *DiLucido v. Terminix International Inc.,* 450 Pa. Super. 393, 397, 676 A.2d 1237, 1239 (1996); *Lilian v. Commonwealth,* 467 Pa. 15, 21, 354 A.2d 250, 253 (1976) ("[t]he class action in Pennsylvania is a procedural device designed to promote efficiency and fairness in the handling of large numbers of similar claims"). For a suit to proceed as class action, Rule 1702 requires that five criteria be met:

"(1) the class is so numerous that joinder of all members is impracticable;

"(2) there are questions of law or fact common to the class;

"(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

"(4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

"(5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708."[1] Pa.R.C.P. 1702.

Rule 1702 does not require that the class action method be "superior" to alternative modes of suit. *Weinberg v. Sun Co. Inc.,* 565 Pa. 612, 777 A.2d 442 (2001).

The burden of proving each of these elements is initially on the moving party, although this burden "is not heavy and is thus consistent with the policy that 'decisions in favor of maintaining a class action should be liberally made.' " *Cambanis v. Nationwide Insurance Co.,* 348 Pa. Super. 41, 45, 501 A.2d 635, 637 (1985). Once the moving party has established that each of the elements has been satisfied, "the class opponent shoulders the burden, which has shifted, of coming forward with contrary evidence challenging the prima facie case." *D'Amelio v. Blue Cross of Lehigh Valley,* 347 Pa. Super. 441, 449-50, 500 A.2d 1137, 1141 (1985).

Here, in opposition to the motion for class certification, Progressive specifically argues that plaintiffs have failed to meet the commonality and typicality requirements, as well as the efficiency and manageability requirements for certification under Rules 1702 and 1708. The element of numerosity and the issue of whether the representative parties will fairly and adequately assert and protect the interests of the class are undisputed and, therefore, will not be discussed for purposes of the instant motion.

---

1. It has been noted that "the requirements for class certification are closely interrelated and overlapping . . . ." *Janicik v. Prudential Insurance Co. of America,* 305 Pa. Super. 120, 130, 451 A.2d 451, 455 (1982).

## A. *Commonality*

A plaintiff generally satisfies its burden with respect to commonality where "the class members' legal grievances arise out of the 'same practice or course of conduct' on the part of the class opponent." *Foust v. SEPTA,* 756 A.2d 112, 118 (Pa. Commw. 2000); see also, *D'Amelio,* 347 Pa. Super. at 452, 500 A.2d at 1142 ("[w]hile the existence of individual questions is not necessarily fatal, it is essential that there be a predominance of common issues shared by all class members which can be justly resolved in a single proceeding"); *Allegheny County Housing Authority v. Berry,* 338 Pa. Super. 338, 342, 487 A.2d 995, 997 (1985) ("[t]he common question of fact means precisely that the facts must be substantially the same so that proof as to one claimant would be proof as to all"). In examining the commonality of the class' claims, a court should focus on the cause, and not the amount, of the alleged damages. *Weismer v. Beech-Nut Nutrition Corp.,* 419 Pa. Super. 403, 409, 615 A.2d 428, 431 (1992) ("[o]nce a common source of liability has been clearly identified, varying amounts of *damages* among the plaintiffs will not preclude class certification"). (emphasis in original)

At bar, plaintiffs contend that they have satisfied the commonality requirement because Progressive's own records, which reflect the date each bill was received and paid, demonstrate a pattern and practice of "blanket denial of paying interest on overdue bills." Plaintiffs take the position that submission of the form HCFA 1500 bills to Progressive provides sufficient proof of the "amount" of the benefits. Plaintiffs argue that section 1716 of the MVFRL gives Progressive a "30-day statutorily man-

dated time" to complete any investigation or otherwise it must pay interest "at a rate of 12 percent per annum."

Progressive disagrees, arguing that the decision to pay or deny a bill is a product of many factors such as whether there is coverage for the insured, whether the medical treatment is appropriate and whether the particular individual has other coverage available and that it does not posses "reasonable proof of the amount of benefits" until such a determination is made. Accordingly, Progressive asserts that because every decision is claim specific, bill specific and insurance specific, plaintiffs are unable to satisfy the commonality requirement.

Despite Progressive's arguments to the contrary, this court finds that plaintiffs have met the commonality requirement, because the predominance of common issues shared by all the class members can be justly resolved in a single proceeding. *D'Amelio,* 347 Pa. Super. at 452, 500 A.2d at 1142.

### B. *Typicality*

Plaintiff must also demonstrate that the class action parties' claims and defenses are typical of the entire class. The purpose behind this requirement "is to determine whether the class representatives' overall position on the common issues is sufficiently aligned with that of the absent class members, to ensure that the pursuit of their interests will advance those of the proposed class members." *DiLucido v. Terminix International Inc.,* 450 Pa. Super. 393, 404, 676 A.2d 1237, 1242 (1996). The existence of "factual differences with regard to each member of the class does not render the named parties' claims atypical of the class as a whole." *Cribb v. United Health Clubs Inc.,* 336 Pa. Super. 479, 484, 485 A.2d 1182, 1185

(1985) (citing *Ablin Inc. v. Bell Telephone of Pennsylvania,* 291 Pa. Super. 40, 435 A.2d 208 (1981)).

Progressive asserts that Dr. Glick is not a typical representative of the class because the delays in paying certain of his patient invoices was a result of Progressive's investigation into Glick's billing practices, and was not based upon factors which were typical to the class. In support of its argument, Progressive goes into a rather lengthy factual discussion of the basis and merits of its investigation of Dr. Glick.

In response, plaintiffs argue that, while the specifics of each "investigation" conducted by Progressive may vary, the process through which it occurs is common to all class members and it is this process which violates the MVFRL.[2] Similar to their commonality argument, plaintiffs maintain that the MVFRL requires insurers to pay interest on bills that are overdue, regardless of the reason why those bills are overdue. Moreover, plaintiffs assert that the MVFRL sets forth a detailed mandatory scheme with respect to challenges for physicians' bills for first-party benefits, including peer review. See *e.g.,* 75 P.S. §1797[3] and 31 Pa. Code §69.[4] Plaintiffs argue

2. This issue is discussed in further detail in the Commonality section *supra.*

3. Pursuant to section 1797(b)(1) and (3) of the MVFRL, if an insurer seeks to challenge whether the medical treatments at issue "conform to the professional standards of performance and are medically necessary" it is required to submit such a challenge for peer review within 90 days of its receipt of the medical provider's bill and to pay such bill if it did not submit its challenge to peer review within 30 days.

4. Section 69.52(f) of the Pennsylvania Code restricts evaluation of physicians' work only to other physicians, not nurses or "other unqualified personnel."

that, by failing to initiate any peer review within the requisite time frame mandated by the MVFRL, Progressive waived its right to challenge the manner in which Dr. Glick and other class members treated their patients. As a result, Progressive is therefore bound by the 30-day period set forth in section 1716 or must otherwise pay interest at 12 percent per annum.

Again, this court finds Progressive's arguments unpersuasive and finds that plaintiffs have satisfied the typicality requirement.

## C. *Fair and Efficient*

To determine if a class action would constitute a fair and efficient method of resolving the issues in dispute, a court must look for the following criteria:

"(1) whether common questions of law or fact predominate over any question affecting only individual members;

"(2) the size of the class and the difficulties likely to be encountered in the management of the action as a class action;

"(3) whether the prosecution of separate actions by or against individual members of the class would create a risk of

"(i) inconsistent or varying adjudications with respect to individual members of the class which would confront the party opposing the class with incompatible standards of conduct;

"(ii) adjudications with respect to individual members of the class which would as a practical matter be dis-

positive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

"(4) the extent and nature of any litigation already commenced by or against members of the class involving any of the same issues;

"(5) whether the particular forum is appropriate for the litigation of the claims of the entire class;

"(6) whether in view of the complexities of the issues or the expenses of litigation the separate claims of individual class members are insufficient in amount to support separate actions;

"(7) whether it is likely that the amount which may be recovered by individual class members will be so small in relation to the expense and effort of administering the action as not to justify a class action." Pa.R.C.P. 1708.

Progressive argues that the present case does not meet the fair and efficient criteria of 1708 because the factual issues involving individual claims predominates over any common questions of law or fact, making it difficult to fairly and efficiently manage this proposed class action. Plaintiffs disagree, arguing that because discovery has demonstrated that Progressive has had a mechanism in place since 1999 to track the number of days it took Progressive to pay bills for medical benefits, all the information necessary to fairly and efficiently manage this litigation, namely the date each HCFA 1500 bill was received and the date Progressive paid those bills, has already been provided.

While a court must consider the potential difficulties in managing the class action, any such difficulties generally are not afforded much weight:

"Problems of administration alone . . . ordinarily should not justify the denial of an otherwise appropriate class action, for to do so would contradict the policies underlying this device. . . . Rather, the court should rely on the ingenuity and aid of counsel and upon its plenary authority to control the action to solve whatever management problems the litigation may bring. . . ." *Janicik v. Prudential Insurance Co. of America,* 305 Pa. Super. 120, 142, 451 A.2d 451, 456 (1982). Based on the foregoing, it does not appear that there are any abnormal issues of class manageability in this case. Accordingly, this court finds that plaintiffs have adequately demonstrated that a class action would be a fair and efficient method of resolving the instant dispute.

## CONCLUSION

For the above-stated reasons, this court finds that sufficient grounds exist to certify the following class:

"The class shall consist of any person, institution, corporation, entity or provider of medical benefits who has provided and has therefore received or is entitled to receive payments for any 'medical benefits' or 'first- party benefits' or 'extraordinary medical benefits' or 'combination benefits' as those terms are defined in section 1702, section 1711 and section 1712(1), (5) and (6) of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq. from defendants arising out of

injuries suffered by defendants insured in motor vehicle accidents, where defendants' payment of such medical benefits are or were 'overdue' (as defined in section 1716 of the MVFRL) and defendants have not paid the medical benefits in full because the payments by Progressive did not include 12 percent per annum interest on such overdue medical benefits and/or no payment of medical benefits has yet been made or are overdue."

This court will enter a contemporaneous order consistent with this opinion.

## ORDER

And now, October 1, 2003, upon consideration of plaintiffs' motion for class certification, all responses in opposition, the respective memoranda, all matters of record and upon oral argument of the parties, it hereby is ordered and decreed that said motion is granted and that the above-captioned action is certified as a class.

The class shall consist of any person, institution, corporation, entity or provider of medical benefits who has provided and has therefore received or is entitled to receive payments for any "medical benefits" or "first- party benefits" or "extraordinary medical benefits" or "combination benefits" as those terms are defined in section 1702, section 1711 and section 1712(1), (5) and (6) of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq. from defendants arising out of injuries suffered by defendants' insured in motor vehicle accidents, where defendants' payment of such medical benefits are or were "overdue" (as defined

in section 1716 of the MVFRL) and defendants have not paid the medical benefits in full because the payments by Progressive did not include 12 percent per annum interest on such overdue medical benefits and/or no payment of medical benefits has yet been made or are overdue.