# Wichterman v. Sunset Memorial Park Company

C.P. of Philadelphia County, March Term 2004, no. 5296.

*Steven G. Wigrizer,* for plaintiff.
*Steven G. Leventhal,* for defendant.

BERNSTEIN, *J.,* September 1, 2005—Presently before this court is plaintiff's motion for class certification arising from plaintiff's purchase of a crypt space, for his wife, in defendant's mausoleum. Plaintiff alleges a breach of contract arising from defendant's alleged failure to begin building the mausoleum in the time promised as well as defendant's failure to design the mausoleum as contracted.

## FINDINGS OF FACT

(1) Plaintiff has defined the proposed class as "All individuals who entered into an agreement with defendant to purchase one or more crypts in defendant's 'Chapel of Memories' Mausoleum between November 1997 and September 2003."

(2) The Chapel of Memories is a mausoleum located on the premises of Sunset Memorial Park.

(3) Defendant decided to expand the Chapel of Memories.

(4) In order to finance the expansion of the Chapel of Memories defendant began selling crypt space in the unbuilt addition.

(5) On November 19, 1998, named plaintiff, Mr. Wichterman, entered into a form contract agreement with defendant to purchase a family room consisting of 10 crypts inside the Chapel of Memories Mausoleum for $120,095.

(6) Before signing the agreement, Mr. Wichterman was shown an artist's rendition and schematic diagram of what the Chapel of Memories addition was to look like and the location of the purchased crypts.

(7) Due to lackluster sales of crypt space in the new addition, defendant decided to significantly alter its design.

(8) As of the class certification hearing on July 26, 2005, seven years after the contract was entered into, construction of the addition had just begun.

(9) There are 136 members in the class, each of whom signed a contract to purchase one or more crypts in the Chapel of Memories addition.

(10) All 136 class members signed the same form contract as Mr. Wichterman.

(11) All 136 class members were shown the same artist's rendition of the Chapel of Memories addition as Mr. Wichterman.

(12) Each contract contained a room number and a crypt position based on the above mentioned artist's rendition and schematic diagram.

## DISCUSSION

The sole issue before this court is whether the prerequisites for certification as stated in Pa.R.C.P. 1702 are satisfied. The purpose behind a class action lawsuit is "to provide a means by which the claims of many indi-

viduals could be resolved at one time, thereby eliminating the possibility of repetitious litigation and providing small claimants with a method to seek compensation for claims that would otherwise be too small to litigate." *DiLucido v. Terminix International Inc.,* 450 Pa. Super. 393, 397, 676 A.2d 1237, 1239 (1996). For a suit to proceed as a class action, Rule 1702 of the Pennsylvania Rules of Civil Procedure requires that five criteria be met:

"(1) the class is so numerous that joinder of all members is impracticable;

"(2) there are questions of law or fact common to the class;

"(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

"(4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

"(5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708."

Rule 1708 of the Pennsylvania Rules of Civil Procedure requires:

"In determining whether a class action is a fair and efficient method of adjudicating the controversy, the court shall consider among other matters the criteria set forth [below]

"(a) Where monetary recovery alone is sought, the court shall consider

"(1) whether common questions of law or fact predominate over any question affecting only individual members;

"(2) the size of the class and the difficulties likely to be encountered in the management of the action as a class action;

"(3) whether the prosecution of separate actions by or against individual members of the class would create a risk of

"(i) inconsistent or varying adjudications with respect to individual members of the class which would confront the party opposing the class with incompatible standards of conduct;

"(ii) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

"(4) the extent and nature of any litigation already commenced by or against members of the class involving any of the same issues;

"(5) whether the particular forum is appropriate for the litigation of the claims of the entire class;

"(6) whether in view of the complexities of the issues or the expenses of litigation, the separate claims of individual class members are insufficient in amount to support separate actions;

"(7) whether it is likely that the amount which may be recovered by individual class members will be so small in relation to the expense and effort of administering the action as not to justify a class action."

The burden of showing each of the elements in Rule 1702 is initially on the moving party. This burden "is not heavy and is thus consistent with the policy that 'decisions in favor of maintaining a class action should be

liberally made.' " *Cambanis v. Nationwide Insurance Co.,* 348 Pa. Super. 41, 45, 501 A.2d 635, 637 (1985). The moving party need only present evidence sufficient to make out a prima facie case "from which the court can conclude that the five class certification requirements are met." *Debbs v. Chrysler Corp.,* 810 A.2d 137, 153-54 (Pa. Super. 2002) (quoting *Janicik v. Prudential Insurance Co. of America,* 305 Pa. Super. 120, 130, 451 A.2d 451, 455 (1982)).

In other contexts, the prima facie burden has been construed to mean "some evidence," "a colorable claim," "substantial evidence," or evidence that creates a rebuttable presumption that requires the opponent to rebut demonstrated elements. In the criminal law context, "the prima facie standard requires evidence of the existence of each and every element . . . ." *Commonwealth v. Martin,* 727 A.2d 1136, 1142 (Pa. Super. 1999), *appeal denied,* 560 Pa. 722, 745 A.2d 1220 (1999). However, "the weight and credibility of the evidence are not factors at this stage . . . ." *Commonwealth v. Marti,* 779 A.2d 1177, 1180 (Pa. Super. 2001).

In the family law context, "the term 'prima facie right to custody' means only that the party has a colorable claim to custody of the child." *McDonel v. Sohn,* 762 A.2d 1101, 1107 (Pa. Super. 2000). Similarly, in the context of employment law, the Commonwealth Court has opined that a prima facie case can be established by "substantial evidence" requiring the opposing party to affirmatively rebut that evidence. See *e.g., Williamsburg Community School District v. Commonwealth, Pennsylvania Human Relations Commission,* 99 Pa. Commw. 206, 512 A.2d 1339 (1986).

Courts have consistently interpreted the phrase "substantial evidence" to mean "more than a mere scintilla," but evidence "which a reasonable mind might accept as adequate to support a conclusion." *SSEN Inc. v. Borough Council of Eddystone,* 810 A.2d 200, 207 (Pa. Commw. 2002). In *Grakelow v. Nash,* 98 Pa. Super. 316 (1929), a tax case, the Superior Court said: "To ordain that a certain act or acts shall be prima facie evidence of a fact means merely that from proof of the act or acts, a rebuttable inference or presumption of the fact shall be made; it attributes a specified value to certain evidence but does not make it conclusive proof of the fact in question." (citation omitted)

Class certification is a mixed question of fact and law. *Debbs v. Chrysler Corp.,* 810 A.2d at 154 (Pa. Super. 2002). The court must consider all the relevant testimony, depositions and other evidence pursuant to Rule 1707(c). In determining whether the prerequisites of Rule 1702 have been met, the court is only to decide who shall be the parties to the action and nothing more. The merits of the action and the plaintiffs' right to recover are excluded from consideration. 1977 Explanatory comment to Pa.R.C.P. 1707. Where evidence conflicts, doubt should be resolved in favor of class certification. In making a certification decision, "courts in class certification proceedings regularly and properly employ reasonable inferences, presumptions, and judicial notice." *Janicik,* 305 Pa. Super. at 128, 451 A.2d at 455. Accordingly, this court must refrain from ruling on plaintiff's ultimate right to achieve any recovery, the credibility of the witnesses and the substantive merits of defenses raised.

"The burden of proof to establish the five prerequisites to class certification lies with the class proponent;

however, since the hearing on class certification is akin to a preliminary hearing, it is not a heavy burden." *Professional Flooring Co. v. Bushar Corp.,* 61 D.&C.4th 147, 153 (Montg. Cty. 2003), citing *Debbs,* 810 A.2d at 153; *Janicik,* 305 Pa. Super. at 130, 451 A.2d at 455. See also, *Baldassari v. Suburban Cable TV Co.,* 808 A.2d 184, 189 (Pa. Super. 2002); *Cambanis v. Nationwide Insurance Co.,* 348 Pa. Super. 41, 501 A.2d 635 (1985). The prima facie burden of proof standard at the class certification stage is met by a qualitative "substantial evidence" test.

Our Superior Court has instructed that it is a strong and oft-repeated policy of this Commonwealth that decisions applying the rules for class certification should be made liberally and in favor of maintaining a class action. *Weismer by Weismer v. Beech-Nut Nutrition Corp.,* 419 Pa. Super. 403, 410, 615 A.2d 428, 431 (1992). See also, *Janicik,* 305 Pa. Super. at 128, 451 A.2d at 454-55, citing and quoting *Esplin v. Hirschi,* 402 F.2d 94, 101 (10th Cir. 1968) ("in a doubtful case . . . any error should be committed in favor of allowing the class action").

Likewise, the Commonwealth Court has held that "in doubtful cases, any error should be committed in favor of allowing class certification." *Foust v. SEPTA,* 756 A.2d 112, 118 (Pa. Commw. 2000). This philosophy is further supported by the consideration that "[t]he court may alter, modify, or revoke the certification if later developments in the litigation reveal that some prerequisite to certification is not satisfied." *Janicik,* 305 Pa. Super. at 129, 451 A.2d at 455.

Within this context, the court will examine the requisite factors for class certification.

## I. *Numerosity*

To be eligible for certification, appellant must demonstrate that the class is "so numerous that joinder of all members is impracticable." Pa.R.C.P. 1702(1). A class is sufficiently numerous when "the number of potential individual plaintiffs would pose a grave imposition on the resources of the court and an unnecessary drain on the energies and resources of the litigants should such potential plaintiffs sue individually." *Temple University v. Pennsylvania Department of Public Welfare,* 30 Pa. Commw. 595, 603, 374 A.2d 991, 996 (1977) (123 members sufficient); *ABC Sewer Cleaning Co. v. Bell of Pa.,* 293 Pa. Super. 219, 438 A.2d 616 (1981) (250 members sufficient); *Ablin Inc. v. Bell Telephone Co. of Pa.,* 291 Pa. Super. 40, 435 A.2d 208 (1981) (204 plaintiffs sufficiently numerous). Appellant need not plead or prove the actual number of class members, so long as he is able to "define the class with some precision" and provide "sufficient indicia [to the court] that more members exist than it would be practicable to join." *Janicik,* 305 Pa. Super. at 132, 451 A.2d at 456.

136 individuals have purchased one or more crypt spaces in defendant's Chapel of Memories addition. Joining 136 individual plaintiffs or having 136 separate trials over the same contract would be impracticable. Therefore, plaintiffs have satisfied the numerosity requirement for class certification of the proposed class.

## II. *Commonality*

The second prerequisite for class certification is that "there are questions of law or fact common to the class." Pa.R.C.P. 1702(2). Common questions exist "if the class

members' legal grievances arise out of the 'same practice or course of conduct' on the part of the class opponent." *Janicik,* 305 Pa. Super. at 133, 451 A.2d at 457. Thus, it is necessary to establish that "the facts surrounding each plaintiff's claim must be substantially the same so that proof as to one claimant would be proof as to all." *Weismer,* 419 Pa. Super. at 409, 615 A.2d at 431. However, where the challenged conduct affects the potential class members in divergent ways, commonality may not exist. *Janicik, supra* at 133 n.5, 451 A.2d at 457 n.5.

"While the existence of individual questions is not necessarily fatal, it is essential that there be a predominance of common issues shared by all class members which can be justly resolved in a single proceeding." *D'Amelio v. Blue Cross of Lehigh Valley,* 347 Pa. Super. 441, 452, 500 A.2d 1137, 1142 (1985). In examining the commonality of the class' claims, a court should focus on the cause of injury and not the amount of alleged damages. "Once a common source of liability has been clearly identified, varying amounts of *damages* among the plaintiffs will not preclude class certification." See *Weismer,* 419 Pa. Super. at 409, 615 A.2d at 431. Where there exists intervening and possibly superseding causes of damage however, liability cannot be determined on a class-wide basis. *Cook v. Highland Water and Sewer Authority,* 108 Pa. Commw. 222, 231, 530 A.2d 499, 504 (1987).

Common questions of law and fact predominate. This case involves a breach of contract claim. There are 136 class members who signed the same form contract when they purchased crypt space in the Chapel of Memories addition. All 136 individuals were shown the same artist's rendition and floor plan of the proposed addition. Plain-

tiff is claiming, by dramatically changing the design such that the designated crypt space contained in the contract has become meaningless, that defendant breached this contract. The defendant's conduct that plaintiff alleges constitutes a breach is the altering of the building's design and delaying the beginning of construction of the building years after promised. It is hard to imagine a case more suited to meet the commonality requirement than a breach of contract claim where every class member has signed the same contract and claim the same actions as breach.

Accordingly, plaintiff has sustained his burden of demonstrating that common issues of fact and law exist to satisfy the requirement of commonality.

### III. *Typicality*

The third step in the certification test requires the plaintiff to show that the class action parties' claims and defenses are typical of the entire class. The purpose behind this requirement is to determine whether the class representatives' overall position on the common issues is sufficiently aligned with that of the absent class members, to ensure that pursuit of their interests will advance those of the proposed class members. *DiLucido,* 450 Pa. Super. at 404, 676 A.2d at 1242.

Like commonality, typicality has been demonstrated. The named plaintiff, Wichterman, entered into a contract to purchase crypt space in the Chapel of Memories addition. He, along with the other 135 other class members, signed a form contract which they believe has been breached when defendant altered the plans for the addition and began building years after initially promised.

Mr. Wichterman's claims are typical of the class as certified.

## IV. *Adequacy of Representation*

For the class to be certified, this court must also conclude that the plaintiffs "will fairly and adequately assert and protect the interests of the class." Pa.R.C.P. 1702(4). In determining whether the representative parties will fairly and adequately represent the interests of the class, the court shall consider the following:

"(1) whether the attorney for the representative parties will adequately represent the interests of the class,

"(2) whether the representative parties have a conflict of interest in the maintenance of the class action, and

"(3) whether the representative parties have or can acquire adequate financial resources to assure that the interests of the class will not be harmed." Pa.R.C.P. 1709.

"[U]ntil the contrary is demonstrated, courts will assume that members of the bar are skilled in their profession." *Janicik,* 305 Pa. Super. at 136, 451 A.2d at 458. Here, defendants do not challenge plaintiff's counsels' skill and therefore, the court presumes that counsel is skilled in their profession. Defendants do not challenge plaintiff's counsels' skill, and the court knows that counsel is skilled in their profession.

## V. *Fair and Efficient Method of Adjudication*

The final criteria under Pa.R.C.P. 1702 is a determination of whether a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

## 1. Predominance of Common Questions of Law and Fact

The most important requirement in determining whether a class should be certified under 1702(a)(5) and 1708(a)(1) is whether common questions of law and fact predominate over any question affecting only individual members. In addition to the existence of common questions of law and fact, plaintiffs must also establish that the common issues predominate. The analysis of predominance under Rule 1708(a)(1) is closely related to that of commonality under Rule 1702(2). *Janick,* 305 Pa. Super. at 141, 451 A.2d at 461.

The court adopts and incorporates its analysis of commonality and concludes that the requirement of predominance as it pertains to the classes certified is satisfied.

## 2. The Existence of Serious Management Difficulties

Under Pa.R.C.P. 1708(2), a court must also consider the size of the class and the difficulties likely to be encountered in the management of the action as a class action. While a court must consider the potential difficulties in managing the class action, any such difficulties generally are not accorded much weight. Problems of administration alone ordinarily should not justify the denial of an otherwise appropriate class action for to do so would contradict the policies underlying this device. *Yaffe v. Powers,* 454 F.2d 1362 (1st Cir. 1972). Rather, the court should rely on the ingenuity and aid of counsel and upon its plenary authority to control the action to solve whatever management problems the litigation may

bring. *Id.* (citing *Buchanan v. Brentwood Federal Savings & Loan Assoc.,* 457 Pa. 135, 320 A.2d 117 (1974)).

Class action procedure is appropriate for these claims. Whatever management problems remain, this court will rely upon the ingenuity and aid of counsel and upon the court's plenary authority to control the action. *Janicik,* 305 Pa. Super. at 142, 451 A.2d at 462.

### 3. Potential for Inconsistent Adjudications

Pennsylvania Rule 1708(a)(3) also requires a court to evaluate whether the prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class. In considering the separate effect of actions, the precedential effect of a decision is to be considered as well as the parties' circumstances and respective ability to pursue separate actions. *Janicik,* 305 Pa. Super. at 143, 415 A.2d at 462.

These claims are appropriate for a class trial. Because all the claims arise from the same conduct, the alleged breach of a form contract, there is the possibility of inconsistent adjudications if tried separately. This case belongs as a class action to alleviate the potential for inconsistent adjudications.

### 4. Extent and Nature of any Pre-existing Litigation and the Appropriateness of this Forum

Under Pa.R.C.P. 1708(a)(4), (a)(5), and (a)(6), a court should consider the extent and nature of any litigation already commenced by or against members of the class involving any of the same issues, the appro-

priateness of the chosen forum and whether the amounts recoverable justify a class action. The court has been advised of no prior litigation pending on this issue. This court finds that this forum is appropriate to litigate the claim.

Rule 1708 also requires the court to consider the amount of damages sought by the individual plaintiffs in determining the fairness and efficiency of a class action. Thus, a court must analyze whether in view of the complexities of the issues or the expenses of litigation the separate claims of individual class members are insufficient in amount to support separate amounts. Pa.R.C.P. 1708(a)(6). Alternatively, the rules require that the court analyze whether it is likely that the amounts which may be recovered by individual class members will be so small in relation to the expense and effort of administering the action as not to justify a class action. Pa.R.C.P. 1708(a)(7). This criteria is rarely used to disqualify an otherwise valid class action claim. See *Kelly v. County of Allegheny,* 519 Pa. 213, 215-16, 546 A.2d 608, 609 (1988) (Trial court erred in refusing to certify a class on the grounds that the class members' average claim was too small in comparison to the expenses incurred.). However, in *Klusman v. Bucks County Court of Common Pleas,* 128 Pa. Commw. 616, 631, 564 A.2d 526, 534 (1989), the court said: "Where the issue of damages does not lend itself to a mechanical calculation, but requires separate mini-trials of a large number of individual claims, courts have found that the staggering problem of logistics make the damage aspect of the case predominate and renders the class unmanageable as a class action. *State of Alabama v. Blue Bird Body Co. Inc.,* 573 F.2d 309 (5th Cir. 1978)."

Each potential claimant has a claim in excess of $5,000. This court is not concerned that any class member recovery would be too small to justify a class action.

Accordingly, having weighed the Rule 1708 requirements, this court finds that a class action is a fair and efficient method for adjudicating plaintiffs' claims.

For the above stated reasons plaintiff's motion for class certification is granted.

## ORDER

And now, September 1, 2005, upon consideration of plaintiff's motion for class certification, all responses in opposition, the respective memoranda, all matters of record, and in accordance with the contemporaneous memorandum opinion, it hereby is ordered and decreed as follows: plaintiff's motion for class certification is granted. A class is certified as: "All individuals who entered into an agreement with defendants to purchase one or more crypts in defendant's 'Chapel of Memories' Mausoleum between November 1997 and September 2003."

Discovery for trial shall commence upon receipt of this order.